IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAGID GLOVE & MANUFACTURING SAFETY COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 10 C 7377 |
| TOWER INTERNATIONAL, INC., as successor to Tower Automotive, LLC, | ) ) ) ) | Judge George W. Lindberg |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Magid Glove & Manufacturing Safety Company's amended complaint against

defendant Tower International, Inc. alleges that an account stated exists between them for

products plaintiff sold to defendant's predecessor between February 4, 2010 and April 6, 2010.

Defendant has moved to transfer the action to the Eastern District of Michigan, pursuant to 28

U.S.C. § 1404(a). For the reasons stated below, the motion to transfer venue is granted.

A district court may transfer a civil action to any other district where the case otherwise

might have been brought, "[f]or the convenience of parties and witnesses, in the interest of

justice." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that the transferee

forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.

1986).

The Court first considers whether this case could have been brought in the Eastern

District of Michigan. Plaintiff disputes that venue would be proper in the Eastern District of

Michigan, but offers no explanation or support for this position. Nor does plaintiff appear to

dispute defendant's representation that defendant resides in the Eastern District of Michigan. See

Pl.'s Resp. Br. p. 2 (acknowledging that "Michigan is Tower's location").  The Court finds that

venue is proper in the Eastern District of Michigan.  *See* 28 U.S.C. § 1391(a) (stating that a civil

action based on diversity may be brought in a judicial district where any defendant resides, if all

defendants reside in the same state).

The Court next turns to defendant's argument that this case should be transferred to the

Eastern District of Michigan based on a forum selection clause.  Defendant's purchase orders

provided:

> THIS PURCHASE ORDER EXPRESSLY INCORPORATES THE
> APPLICABLE TOWER AUTOMOTIVE PURCHASE ORDER TERMS AND
> CONDITIONS, A COPY OF WHICH IS AVAILABLE ON REQUEST AND
> ALSO IS AVAILABLE ON THE PURCHASER'S WEBSITE AT
> HTTP://WWW.TOWERAUTOMOTIVE.COM/SUPPLIERS.  FURTHERMORE,
> THIS PURCHASE ORDER IS EFFECTIVE AND EXPRESSLY
> CONDITIONAL ON SELLER'S ASSENT TO ALL TERMS AND
> CONDITIONS IN THIS PURCHASE ORDER THAT ARE ADDITIONAL TO
> OR DIFFERENT FROM THOSE STATED IN SELLER'S QUOTATION OR
> OTHER OFFERING DOCUMENTS.  SELLER'S ASSENT TO THIS
> PROVISION WILL BE MANIFESTED BY DELIVERY OF ANY PORTION
> OF THE GOODS DESIGNATED HEREIN.

Defendant's Purchase Order Terms and Conditions, in turn, provided:

> Seller consents to the exclusive jurisdiction of the appropriate state court in
> Oakland County, Michigan or, if original jurisdiction can be established, in the
> federal court in the U.S. District Court for the Eastern District of Michigan,
> Southern Division, for any legal or equitable action or proceeding arising out of,
> or in connection with, each Purchase Order.

Defendant contends that based on this forum selection clause, this case should be transferred to

the Eastern District of Michigan.

Forum selection clauses are "prima facie valid and should be enforced unless enforcement

is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v.*

*Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also IFC Credit v. Aliano Bros. Gen.*

*Contractors, Inc.*, 437 F.3d 606, 608 (7ᵗʰ Cir. 2006) ("federal courts are friendly to the use of

forum selection clauses to determine which federal district court shall host a case"). A forum

selection clause should be considered along with the other factors under 28 U.S.C. § 1404(a), and

"should receive neither dispositive consideration . . . nor no consideration." *Stewart Org., Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 31 (1988). Nevertheless, it is "a significant factor that figures

centrally in the district court's calculus." *Id.* at 29-30.

Plaintiff does not dispute that the purchase orders defendant issued for the transactions in

this case contained the above-quoted language, or that defendant's Purchase Order Terms and

Conditions contained the forum selection clause.[1] Moreover, both Illinois and Michigan law[2]

permit contracts to incorporate other documents by reference. *See Lease Management Equip.*

*Corp. v. DFO Partnership*, 910 N.E.2d 709, 715 (Ill. App. Ct. 2009) ("Where a contract

incorporates another document by reference, its terms become part of the contract"); *Forge v.*

*Smith*, 580 N.W.2d 876, 881 (Mich. 1998) ("Where one writing references another instrument for

additional contract terms, the two writings should be read together").

Plaintiff argues that under Illinois law it would be procedurally unconscionable to enforce

the forum selection clause because the Terms and Conditions that contain the clause were never

provided to plaintiff, and "are virtually impossible to find." Under Illinois law, procedural

unconscionability "refers to a situation where a term is so difficult to find, read, or understand

---

[1] Because there appears to be no dispute that the purchase orders defendant issued for the transactions in this case incorporated the Terms and Conditions, the Court need not resolve the parties' dispute regarding whether a particular agreement between them (which also incorporated the Terms and Conditions) governed these transactions.

[2] Defendant contends that Michigan law applies in this case, while plaintiff cites to Illinois law.

that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." *Razor v. Hyundai Motor Amer.*, 854 N.E.2d 607, 622 (Ill. 2006).

The Court is not persuaded that enforcing the forum selection clause would be unconscionable. First, the purchase orders stated in clear and prominent language that they were conditioned on plaintiff's assent to the Terms and Conditions. Even if defendant did not provide the Terms and Conditions to plaintiff, plaintiff was obligated to take action to investigate further. *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) (warning that "a party who agrees to terms in writing without understanding or investigating those terms does so at his own peril"). Plaintiff is silent as to whether it asked defendant for a hard copy of the Terms and Conditions, and defendant contends that plaintiff did not do so.

Nor is the Court persuaded by plaintiff's argument that the Terms and Conditions were so difficult to find on defendant's website that it would be unconscionable to enforce them. Plaintiff is silent as to whether it actually attempted to find the Terms and Conditions on defendant's website at the time of the transactions. Nevertheless, plaintiff argues that the Terms and Conditions were inaccessible because they are not located on the screen that appears at "http://www.towerautomotive.com/suppliers," the website address provided in the purchase orders.

In an affidavit, defendant's website host states that with the exception of a two-day period when the website was offline for maintenance, defendant's Terms and Conditions could be accessed from February 4, 2010 to April 6, 2010 at "http://www.towerautomotive.com/suppliers" by performing the following actions:

1.   Selecting "Current Suppliers" from the menu bar on the left of the screen, then

2.   Clicking on the link titled "Purchase Order General Terms and Conditions" that appears in the center of the screen.

The Court finds that a reasonable user could easily navigate to the Terms and Conditions through only two mouse clicks. *See One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, No. H-08-2059, 2010 WL 1463451, at *5-6 (S.D. Tex. Apr. 12, 2010) (finding that company provided reasonable notice of its terms and conditions, where it provided address of website and only three mouse clicks were required to access terms and conditions from home page).

Defendant's purchase orders clearly incorporated the Terms and Conditions, which were available to plaintiff. Moreover, plaintiff is a business, and has offered no evidence that it suffered from a disparity in bargaining power. The Court concludes that it is not procedurally unconscionable to enforce the forum selection clause under these circumstances. Given this conclusion, the Court need not consider how plaintiff's unconscionability argument would fare under Michigan law, which imposes a more stringent standard than Illinois law. *See Williams Int'l Co., LLC v. New West Mach. Tool Corp.*, No. 09-12516, 2010 WL 331714, at *8 (E.D. Mich. Jan. 22, 2010) (noting that Michigan law requires both procedural and substantive unconscionability).

The Court's determination that the forum selection clause should be considered in its analysis of defendant's motion to transfer is not the end of the analysis, however, as the Court must weigh it along with the other § 1404(a) factors. In evaluating the convenience of the parties and witnesses, courts should consider the plaintiff's choice of forum, the location of the material events, the residence of the parties, the parties' relative abilities to bear the expense of a trial in a particular forum, and the relative ease of access to evidence and witnesses in each forum. *Moore*

*v. AT & T Latin Am. Corp.*, 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001).  In determining the

interests of justice, courts should consider the feasibility of consolidation with related litigation,

the speed at which the case will proceed to trial, and the court's familiarity with the applicable

state law in a diversity case. *See Coffey*, 796 F.2d at 221.

      The Court first considers the convenience of the parties and witnesses.  Plaintiff's choice

of forum ordinarily would weigh heavily against transfer, but this factor has diminished

significance due to the existence of the forum selection clause.  *See Methode Elecs., Inc. v.*

*Delphi Automotive Sys. LLC*, 639 F. Supp. 2d 903, 909-10 (N.D. Ill. 2009).  The material events

factor appears to weigh against transfer: defendant does not dispute that its orders were placed

and filled in Illinois, and defendant has offered only an unsupported conclusory statement that

performance was to have taken place primarily in Michigan.  See Def.'s Br. p. 4.  The residence

of the parties favors neither side, since plaintiff is located in Illinois and defendant is located in

Michigan.  The parties have offered no evidence of their relative abilities to bear the expense of a

trial here or in the Eastern District of Michigan.  Nor have the parties identified any non-party

witnesses whom they anticipate calling at trial.  *See Greene Mfg. Co. v. Marquette Tool & Die*

*Co.*, No. 97 C 8857, 1998 WL 395155, at *3 (N.D. Ill. July 9, 1998) (stating that "the

convenience of non-party witnesses is often viewed as the most important factor in the transfer

analysis").  Neither party argues that the evidence in this case would be difficult to transport from

one jurisdiction to another, and therefore the access of proof factor is neutral.  *See Kammin v.*

*Smartpros, Ltd.*, No. 07 C 2665, 2007 WL 3046128, at *2 (N.D. Ill. Oct. 9, 2007).

      The Court next considers the interests of justice.  The parties do not argue that there is any

other litigation with which this case could be consolidated, either here or in the Eastern District of

Michigan. Neither party has offered any argument regarding the relative speed at which the case will proceed to trial, but the Court notes that relevant statistics indicate that this factor slightly favors transfer. *See* Federal Court Management Statistics (2010), *available at* "http://www.uscourts.gov/viewer.aspx?doc=/cgi-bin/cmsd2010Sep.pl" (indicating that for the twelve-month period ending September 30, 2010, the median time from filing to trial was 28.2 months in the Northern District of Illinois and 24.6 months in the Eastern District of Michigan). Nor have the parties presented argument regarding the courts' familiarity with relevant state law, although defendant has observed that its Terms and Conditions provide that Michigan law governs transactions under the purchase orders. The Court finds that the interests of justice slightly favor transfer.

Having weighed all relevant factors under § 1404(a), the Court concludes that the factors that do not favor transfer are insignificant when weighed against the forum selection clause. Defendant's motion to transfer this case to the Eastern District of Michigan is granted.

**ORDERED:** Defendant's motion for transfer of venue [13] is granted.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:     March 25, 2011